**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: November 7, 2017
Date Decided: November 13, 2017

Gregory V. Varallo, Esquire
Rudolf Koch, Esquire
Robert L. Burns, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

William B. Chandler, III, Esquire
Ian R. Liston, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

Lewis H. Lazarus, Esquire
Meghan A. Adams, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

David S. Eagle, Esquire
Sean M. Brennecke, Esquire
Klehr Harrison Harvey Branzburg LLP
919 Market Street, Suite 1000
Wilmington, DE 19801

Re: *Great Hill Equity Partners IV, LP, et al. v. SIG Growth Equity Fund I, LLLP, et al.,* Civil Action No. 7906-VCG

Dear Counsel:

As discussed at the pretrial conference, this Letter Opinion will address the Defendants' Motion in Limine No. 1. For the reasons that follow, the Motion in Limine is denied without prejudice to object at trial and to seek to exclude consideration of evidence in post-trial briefing.

Motion in Limine No. 1 seeks to exclude portions of proposed testimony from the Plaintiffs' industry expert, Dr. Thomas Layman. The Defendants' Motion focuses on two purported problems with Dr. Layman's proposed testimony. First, the Defendants point out that the body of Dr. Layman's report contains a recitation of facts upon which he relied in forming his opinion. The Defendants argue that this recitation of facts is cherry-picked and self-serving, and expressed the concern that it may improperly skew my view of the facts, which I must determine based on testimony at trial, not second-hand evidence received via an expert's report. I have no doubt, however, that I will be able to separate the two. Dr. Layman is permitted to set forth the facts as he understood them in formulating his opinion.[1] The Defendants, of course, are free to cross-examine Dr. Layman and point out the deficiencies or inaccuracies of the purported facts upon which he bases his opinion. But I see no need to exclude Dr. Layman's testimony through a ruling in limine.[2]

Next, the Defendants argue that Dr. Layman should not be permitted to opine on the subjective knowledge or intent of individuals in the guise of providing insight

---

[1] *See* D.R.E. 702 ("If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if *(1) the testimony is based upon sufficient facts or data*, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." (emphasis added)).

[2] *See Beard Research, Inc. v. Kates*, 2009 WL 7409282, at *6 (Del. Ch. Mar. 31, 2009) ("[A]lthough it is critical in a jury trial for a court to exercise its gatekeeper function in advance of allowing an expert to testify, the importance of addressing issues raised under *Daubert* and Rule 702 before an expert testifies is more attenuated in a bench trial.").

into the industry in which Plimus did business. The Plaintiffs have responded that they are not anticipating any such testimony. The Defendants are free to object to any question which they feel improperly solicits views outside Dr. Layman's area of expertise.[3]

For the foregoing reasons, the Defendants' Motion in Limine No. 1 is denied without prejudice, as described in the body of this Letter Opinion. To the extent that the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[3] *See Hoechst Celanse Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 1994 WL 721624, at *1 (Del. Ch. Apr. 20, 1994) (holding that "subjective testimony regarding the plaintiffs' subjective intent with respect to property damage is not admissible as expert testimony pursuant to Delaware Rule of Evidence 702.").